UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABRAHAM KAHAN,

                        Plaintiff,

           -against-

CHASE BANK,

                        Defendant.
------------------------------------------------------------x

**REPORT AND RECOMENDATION**

10-CV-335 (KAM)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      On September 30, 2010, this Court issued a Report and Recommendation, contained in a Minute Entry, recommending that the case be dismissed with prejudice for lack of prosecution by the *pro se* plaintiff, Abraham Kahan; despite actual notice, plaintiff failed to appear at the conference scheduled for that day, failed to satisfy his discovery obligations, and essentially made himself unreachable to the Court and defense counsel. See Minute Entry (dated Sept. 30, 2010). Approximately two weeks later, plaintiff moved for reconsideration of the Court's Report and Recommendation. See Letter Motion for Reconsideration (Oct. 15, 2010). The Court scheduled oral argument for November 10, 2010, and expressly warned plaintiff that it would "tolerate no further violations of its orders." Order (Oct. 22, 2010).

      At the hearing on November 10th, the Court admonished plaintiff for failing to comply with his discovery obligations, failing to appear for the September 30th court conference, and violating a court order directing him to provide complete responses to defendant's Request for Document Production and First Set of Interrogatories. Nevertheless, despite the absence of

any showing of good cause for these derelictions, the Court reluctantly withdrew its Report and Recommendation that the case be dismissed but again warned plaintiff that the case would be dismissed and sanctions imposed if his pattern of violations persisted. See Minute Entry (Nov. 10, 2010) at 1-2.

Despite these warnings, and the Court's directive from the bench and in its calendar order that plaintiff appear for his deposition at the courthouse on December 14, 2010, at 10:00 a.m., plaintiff's disregard for court orders remained unabated, causing defendant to move to dismiss and for leave to move for entry of a default judgment on its counterclaims. See Letter Motion to Dismiss (Dec. 8, 2010) at 2. The Court thereupon directed plaintiff to show cause, in writing, hand-delivered to the Court by December 13, 2010, why the requested relief should not be granted. See Order To Show Cause (Dec. 8, 2010). Although the Order To Show Cause was mailed to the address that, on November 10, 2010, plaintiff had confirmed was his residence, he did not respond, nor did he appear for his court-ordered deposition on December 14th or seek a modification of that obligation.

Based on the foregoing circumstances, it clearly appears that plaintiff has abandoned his claims or, in any event, is not prepared to comply with his discovery obligations and court orders. The Court has given him every opportunity to cure his derelictions. Sanctions other than dismissal of his claims and a default judgment on defendant's counterclaims will not be effective. This Court therefore recommends that the complaint be dismissed with prejudice for lack of prosecution, see Fed. R. Civ. P. 41(b), and for plaintiff's repeated violations of judicial

discovery orders, see Fed. R. Civ. P. 37(b)(2)(A)(v), and that a default judgment be entered on defendant's counterclaims. See Fed. R. Civ. P. 37(b)(2)(A)(vi).

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that the complaint be dismissed with prejudice and that a default judgment be entered against plaintiff on defendant's counterclaims.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Kiyo A. Matsumoto on or before **January 3, 2011**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system and to transmit a copy to plaintiff, via Federal Express, at his last known address.

    **SO ORDERED.**

Dated:    Brooklyn, New York
           December 23, 2010

                              **ROANNE L. MANN
                              UNITED STATES MAGISTRATE JUDGE**