UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

ABRAHAM KAHAN,

    Plaintiff-Counterdefendant,

        -against-

CHASE BANK,

    Defendant-Counterclaimant.

---------------------------------X

**MEMORANDUM & ORDER**

10-CV-335 (KAM)(RLM)

**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

    On January 5, 2010, plaintiff-counterdefendant Abraham Kahan ("Kahan") commenced a civil action in the Civil Court of the City of New York, Kings County, pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (*See* ECF No. 1, Notice of Removal ¶¶ 1,3.) Kahan sought, *inter alia*, damages he allegedly sustained because defendant-counterclaimant Chase Bank ("Chase") reported his credit limit to credit agencies. (*Id.* ¶ 2.) On January 27, 2010, Chase removed the action to this court (*see generally id.*), which has federal-question jurisdiction over plaintiff's claim. 28 U.S.C. § 1441.

    On February 23, 2010, Chase filed an amended answer with counterclaims against Kahan for breach of contract and, in the alternative, unjust enrichment with respect to unpaid credit card debt. (*See* ECF No. 6, Amended Answer With Counterclaims ("Countercls.") ¶¶ 10-20.) By Memorandum and Order dated

February 25, 2011, the court dismissed Kahan's claims with prejudice and granted Chase leave to move for default judgment or otherwise dismiss its counterclaims against Kahan by no later than March 4, 2011.  (*See* ECF No. 26, Order Adopting In Part and Modifying In Part Report and Recommendation.)

Upon Kahan's failure to answer or respond to Chase's counterclaims, Chase moved for default judgment on March 4, 2011.  (ECF No. 31, Motion for Default Judgment by Chase.)  Although Chase served Kahan with its motion papers (*see* ECF No. 31-5, Declaration of Service dated 3/9/2011), Kahan did not oppose or otherwise respond.  For the reasons set forth below, the court grants Chase's motion for default judgment with respect to the breach-of-contract counterclaim, dismisses the unjust enrichment counterclaim, and awards damages in the amount of $8,563.31, and post-judgment interest at the statutory rate.

## BACKGROUND

According to the counterclaims set forth in Chase's Amended Answer and a sworn affidavit filed in support of Chase's Motion for Default Judgment, Kahan entered into a credit agreement with Chase on or about January 21, 2009, whereupon Kahan agreed to comply with the terms of the Chase Account Agreement ("Cardmember Agreement").  (Countercls. ¶¶ 11-12; ECF No. 31-2, Declaration of Michelle Masters ("Masters Decl.") ¶ 4.)  As a result, he received the benefits of the use of a

2

Chase credit card. (Countercls. ¶ 13.) Kahan failed to comply with the terms of the Cardmember Agreement, however, by failing to timely pay his outstanding balance. (*Id.*) Kahan has not made any payments on his account since June 16, 2009, and his account fell into delinquency on July 20, 2009. (Masters Decl. ¶ 5.)

## DISCUSSION

As a preliminary matter, this court has supplemental jurisdiction over Chase's counterclaims pursuant to 28 U.S.C. § 1367.

**I. Liability**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may enter judgment against the defaulting party when a counterclaimant moves for judgment against an adverse party who has failed to answer or otherwise appear in the action. Fed. R. Civ. P. 55(b)(2). When a notation of default is entered, the counterdefendant's failure to respond constitutes an admission of the well-pleaded factual allegations in its counterclaims, except as to the allegations relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). With respect to damages following the notation of a default, an inquest by affidavit, without an in-person hearing, may be conducted so long as the court can ensure "a basis for the

3

damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Thus, the movant need only show adequate support for the relief it seeks. *Greyhound*, 973 F.2d at 158-59.

In accordance with the choice-of-law provision in the Cardmember Agreement, the court applies Delaware law in the instant motion. (ECF No. 31-3, Cardmember Agreement at 4.) In order to establish a breach-of-contract claim under Delaware law, Chase must show (1) a contractual obligation; (2) the cardmember's breach of that obligation; and (3) resulting damage to Chase. *Accelecare Wound Ctrs., Inc. v. Bank of New York*, Nos. 08 Civ. 8351, 08 Civ. 11314, 2009 WL 1227487, at *3 (S.D.N.Y. May 5, 2009) (quoting *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003)). Chase alleges that the parties entered into a Cardmember Agreement in which Chase issued a credit card and credit line to Kahan in exchange for payments in full for debts Kahan incurred by using the credit card. (Countercls. ¶¶ 11-12.) Chase further alleges that although Kahan made purchases with the credit card, he has failed to pay the outstanding balance and has allowed his account to fall delinquent. (*Id.* ¶¶ 13-14.) Accordingly, the court finds that the facts alleged by Chase, which are admitted

4

in light of Kahan's default, are sufficient to state a claim for breach of contract.

**II. Damages**

Unlike allegations pertaining to liability, those pertaining to damages are not deemed admitted in the context of a motion for default judgment. *Greyhound*, 973 F.2d at 158. Therefore, the movant must establish its entitlement to the recovery of damages. *Id.* In certain cases, it may be necessary for the court to hold an evidentiary hearing to assess damages. Nevertheless, "where the [counterclaimant] has filed reasonably detailed affidavits and exhibits pertaining to the damages incurred and where the [counterdefendant] has failed to submit papers on the damages issue, the Court can make an informed decision regarding damages without an evidentiary hearing." *United States v. Crichlow*, No. 02-CV-6774, 2004 WL 1157406, at *4 (E.D.N.Y. Apr. 9, 2004).

In support of its motion for default judgment, Chase submits a copy of Kahan's credit card account statement for the period ending December 20, 2009. (ECF 31-4, Kahan Account Statement.) The statement reflects an outstanding unpaid balance of $8,563.31, including finance charges and accrued late fees (*id.*), and the court has no reason to question the authenticity or accuracy of Chase's records. Accordingly, the

5

court finds that Chase has sustained $8,563.31 in damages due to Kahan's breach of contract.[1]

## CONCLUSION

For the foregoing reasons, the court directs entry of judgment in favor of defendant-counterclaimant Chase in the total amount of $8,563.31, plus post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.  The court also dismisses Chase's alternate claim for unjust enrichment as duplicative.  The Clerk of Court is respectfully requested to enter judgment in favor of Chase in accordance with this Order and to close this case.  Chase is ordered to serve a copy of this Memorandum and Order on plaintiff-counterdefendant Kahan and file a declaration of service by March 21, 2012.

**SO ORDERED.**

Dated:     Brooklyn, New York
           March 20, 2012

                                          _____/s/_____
                                          **KIYO A. MATSUMOTO**
                                          United States District Judge
                                          Eastern District of New York

---

[1] Although Chase alleges in its Amended Answer that Kahan owes "$8,763.66 plus interest" (see Countercls. ¶¶ 14, 20), Chase has not established its entitlement to the recovery of damages in that amount.